Donald J. Farley
ISB #1561; djf@powerstolman.com
James S. Thomson, II
ISB #6124; jst@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
345 Bobwhite Court, Suite 150
Post Office Box 9756
Boise, Idaho  83707
Telephone:  (208) 577-5100
Facsimile:  (208) 577-5101
W:\96\96-002\Pleadings\Answer - Insure Idaho.docx

Attorneys for Defendant Insure Idaho, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, LIBERTY INSURANCE UNDERWRITERS, INC., INSURE IDAHO, LLC, an Idaho Limited Liability Company, CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, and DOES I through X,<br><br>Defendants. | Case No. 1:17-CV-00432-DCN<br><br>**DEFENDANT INSURE IDAHO, LLC'S ANSWER AND DEMAND FOR JURY TRIAL** |

    **COMES NOW** Defendant INSURE IDAHO, LLC (hereinafter "Insure Idaho"), by and

through its counsel, Powers Tolman Farley, PLLC, and in answer to Plaintiff's Complaint and

Demand for Jury Trial (hereinafter "Complaint"), admits, denies and affirmatively alleges as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant Insure Idaho upon which relief may be granted.

### SECOND DEFENSE

Based either upon a lack of information, a belief that certain allegations contained in Plaintiff's Complaint are untrue, or because certain allegations set forth in Plaintiff's Complaint are directed to a party other than Defendant Insure Idaho, Defendant Insure Idaho denies each and every paragraph and allegation contained in Plaintiff's Complaint that is not expressly and specifically admitted in this Second Defense.

1. In answering the allegations set forth in paragraph 4 of Plaintiff's Complaint, Defendant Insure Idaho admits that it is an Idaho limited liability company with its principal place of business in Meridian, Ada County, Idaho, and is licensed as an insurance producer in the State of Idaho.

2. In answering the allegations set forth in paragraphs 6, 7 and 8 of Plaintiff's Complaint, Defendant Insure Idaho admits only that this Court has jurisdiction over the claims asserted in Plaintiff's Complaint and venue is proper in this Judicial District.

3. In answering the allegations set forth in paragraphs 11 and 13 of Plaintiff's Complaint, Defendant Insure Idaho admits only that its business includes providing insurance brokerage services to clients, and at times relevant to Plaintiff's Complaint, Insure Idaho provided brokerage services to GTLC.

//

//

4.      In answering the allegations set forth in paragraph 15 of Plaintiff's Complaint, Defendant Insure Idaho admits only that Insure Idaho provided insurance brokerage services to GTLC relative to the referenced Policy.

5.      In answering the allegations set forth in paragraph 17 of Plaintiff's Complaint, Defendant Insure Idaho admits only that at the times relevant to the allegations in Plaintiff's Complaint, it was a licensed insurance producer in the State of Idaho.

6.      In answering the allegations set forth in paragraphs 21, 22 and 23 of Plaintiff's Complaint, Defendant Insure Idaho admits only that it provided a renewal application pertaining to the Policy to GTLC pursuant to instructions given by Defendant Crouse, and GTLC completed and returned the application.

7.      In answering the allegations set forth in paragraph 24 of Plaintiff's Complaint, Defendant Insure Idaho admits only that, at or about the time alleged, LSIC issued an insurance binder providing for Product Recall Expense Coverage only.

8.      In answering the allegations set forth in paragraphs 30 and 31 of Plaintiff's Complaint, Defendant Insure Idaho admits only that GTLC recalled certain light bulbs in response to notification by Menards that the light bulbs were defective.

9.      In answering the allegations set forth in paragraph 33 of Plaintiff's Complaint, Defendant Insure Idaho admits only that it provided notice of a claim to LSIC.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as "affirmative defenses," Defendant Insure Idaho does not imply that it has the burden of proof for any such defense.  Furthermore, as Defendant Insure Idaho has not had the opportunity to conduct discovery in this case, Defendant Insure Idaho, by failing to raise an affirmative defense, does not waive any such defense, and Defendant Insure

Idaho specifically reserves the right to amend this answer to include additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any act or omission of Defendant Insure Idaho.

### SECOND AFFIRMATIVE DEFENSE

The services performed by Defendant Insure Idaho at all times met any applicable standards of care and satisfied all duties owed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Insure Idaho are barred or subject to reduction to the extent that damages, if any, were caused by Plaintiff's own negligence or fault, which is equal to or is greater than the negligence or fault, if any, of Insure Idaho. By alleging this defense, Defendant Insure Idaho does not admit negligence in any degree but, to the contrary, specifically denies negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Insure Idaho are barred or subject to reduction to the extent that Plaintiff's damages, if any, were caused by the negligence, fault or wrongful conduct of persons or entities other than Defendant Insure Idaho. The negligence or fault of all persons or entities, whether or not parties hereto, should be compared pursuant to Idaho's comparative negligence or fault laws. By alleging this defense, Defendant Insure Idaho does not admit negligence in any degree but, to the contrary, specifically denies negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Insure Idaho are barred or subject to reduction to the extent that Plaintiff's damages, if any, were not proximately caused by the acts or omissions of

Insure Idaho, but were caused by intervening, superseding or other causes, including, but not limited to, the natural proximate cause of Plaintiff's own acts or omissions, and/or the acts or omissions of persons or entities other than Defendant Insure Idaho.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action alleging estoppel must be dismissed on the grounds that Plaintiff had readily accessible means to discover and/or confirm the scope of coverage provided under the subject Policy, and Plaintiff cannot establish that it reasonably relied on any relevant promise or assurance of coverage by Defendant Insure Idaho.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery, if any, is reduced or barred to the extent that Plaintiff has failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## CLAIM FOR ATTORNEY FEES

Defendant Insure Idaho has been required to retain counsel to defend this action, and is entitled to recover its reasonable attorney fees and costs incurred in the defense of this action from Plaintiff, pursuant to Idaho Code §§ 41-1839, 12-120, 12-121, 12-123, Rule 54 of the Federal Rules of Civil Procedure and all other applicable laws allowing for the recovery of costs or attorney fees in this action.

**WHEREFORE**, Defendant Insure Idaho prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed, with prejudice, and that Plaintiff take nothing thereby;

      2.      That Defendant Insure Idaho be awarded its costs and reasonable attorney fees incurred in this action; and

      3.      For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Defendant Insure Idaho demands a trial by a jury of not less than six (6) persons for all issues so triable.

DATED this 13th day of November, 2017.

                POWERS TOLMAN FARLEY, PLLC

                By /S/ James S. Thomson, II
                    Donald J. Farley - Of the Firm
                    James S. Thomson, II – Of the Firm
                    Attorneys for Defendant Insure Idaho, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of November, 2017, the foregoing document was:

 X  Electronically filed with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Michael Hanby | michael@pedersen-law.com |
| Kenneth Pedersen | klpedersen@pedersen-law.com |
| Jarom Whitehead | jwhitehead@pedersen-law.com |

 /S/ James S. Thomson, II
Donald J. Farley
James S. Thomson II
W. Dustin Charters

* * * * *

____ Not electronically filed with the U.S. District Court. A true and correct copy of the foregoing document was delivered to the address below by the method indicated:

| | |
|---|---|
| Michael Hanby | ☐ U.S. Mail, Postage Prepaid |
| Kenneth Pedersen | ☐ Hand Delivered |
| Jarom A. Whitehead | ☐ Overnight Mail |
| PEDERSEN AND WHITEHEAD | ☐ Telecopy |
| 161 5th Avenue South, Suite 301 | ☐ Email |
| P.O. Box 2349 | |
| Twin Falls, ID  83303-2349 | |
| Fax: (208) 734-2772 | |
| *Attorney for Plaintiff* | |

 /S/ James S. Thomson, II
Donald J. Farley
James S. Thomson, II