Robert A. Anderson, ISB No. 2124
Mark D. Sebastian, ISB No. 6012
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:  raanderson@ajhlaw.com
         msebastian@ajhlaw.com

John F. Favate
Arthur A. Povelones, Jr.
HARDIN KUNDLA McKEON & POLETTO
673 Morris Avenue
Springfield, New Jersey 07081
Tel: 973-912-5222
Fax: 973-912-9212
E-Mail:  JFavate@hkmpp.com
         APovelones@hkmpp.com

Attorneys for Defendant Liberty Surplus
      Insurance Corporation,
      Liberty Insurance Underwriters, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia Corporation, | : |
| Plaintiff, | : Civil Action No. 1:17-cv-00432-DCN |
| vs. | : |
| LIBERTY SURPLUS INSURANCE CORPORATION, LIBERTY INSURANCE UNDERWRITERS INC., INSURE IDAHO, LLC, an Idaho Limited Liability Company, CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, and DOES I through X, | : |

Defendants.

**BRIEF IN SUPPORT OF DEFENDANTS LIBERTY SURPLUS INSURANCE CORPORATION AND LIBERTY INSURANCE UNDERWRITERS INC.'S MOTION PURSUANT TO 28 U.S.C. §1404(A) TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

**ANDERSON, JULIAN & HULL, LLP**
C.W. Moore Plaza
250 S. 5th Street, Suite 700
P.O. Box 7426
Boise, ID  83707

**HARDIN, KUNDLA, MCKEON & POLETTO, P.A. (*pro hac vice* applications pending)**
673 Morris Avenue
Springfield, NJ  07081
(973) 912-5222

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................ii

PRELIMINARY STATEMENT...............................................1

STATEMENT OF FACTS..................................................3

    The Parties....................................................3

    LSIC Policy....................................................3

    Underlying Claim...............................................6

LEGAL ARGUMENT......................................................9

    I.  THE COURT SHOULD ENFORCE THE FORUM SELECTION CLAUSE AND
TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C.
§1404(a).......................................................9

    A. A Contractually Valid Forum Selection Clause In The
Contract Between Plaintiff And LSIC Applies To Plaintiffs'
Claims Against All Defendants..................................8

    II.  THIS CASE PRESENTS NO EXTRAORDINARY CIRCUMSATNCES THAT
WOULD PREVENT TRANSFER TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C.
§1404(a)......................................................12

CONCLUSION.........................................................17

**TABLE OF AUTHORITIES**

**Cases**

Atlantic Marine Construction Co., Inc. v. United States
 District Court for the Western District of Texas, 134 S.Ct.
 568 (2013)........................................8, 11, 12, 13

Balducci v. Condo, Ltd., 2017 U.S. Dist. LEXIS 154523
(N.D. Cal. Sept. 21, 2017)....................................14

Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991)......14

Flame-Spray Indus. Inc. v. GTV Automotive GmbH, 2017 U.S. Dist.
LEXIS 129164 (E.D.N.Y. Aug. 14, 2017).......................9, 11

Magi XXI, Inc. v. Stado Della Cita Del Vaticano, 714 F.3d 714
(2nd Cir. 2013) ..............................................9

Manetti-Farrow, Inc. v. Gucci American, Inc., 858 F.2d 509
 (9th Cir. 1998) ..............................................8

Martinez v. Bloomberg, LP, 740 F.3d 211 (2nd Cir. 2014) ........9

Murphy v. Schneider National, Inc., 362 F.3d 1133
 (9th Cir. 2004) .............................................14

Oregon-Idaho Utilities, Inc. v. Skitter Cable TV, Inc.,
 2017 U.S. Dist. LEXIS 128287 (D. Id. Aug.
 10, 2017).....................................8, 9, 10, 11, 13

Pacific Health Advantage v. Cap Gemini Ernst & Young U.S., LLC,
2007 U.S. Dist. LEXIS 101238 (N.D. Cal. May 2, 2007)...........15

Piper Aircraft Co. v. Reyno, 454 U.S. 235
 (1981)......................................................12

Synthes, Inc. v. Emerge Medical, Inc., 887 F. Supp. 2d 598 (E.D.
Pa. 2012)......................................................9

Wada Farms, Inc. v. Jules & Associates, Inc., 2015 U.S. Dist.
LEXIS 2752 (D. Id. 2015)...................................13, 14

ii

**Statutes**

28 U.S.C. § 1404(a)........................................*passim*

**Other Authorities**

http://www.uscourts.gove/statistics-reports/judicial-business-2016-tables....................................................13

## PRELIMINARY STATEMENT

Defendants, Liberty Surplus Insurance Corporation (hereinafter "LSIC"), domiciled in New Hampshire with a principal place of business in the Commonwealth of Massachusetts, and Liberty Insurance Underwriters Inc. (hereinafter "LIUI"), domiciled in the State of Illinois with a principal place of business in the Commonwealth of Massachusetts, move pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Southern District of New York.

Plaintiff Green Technology Lighting Corp. has brought this action presenting various causes of action against LSIC and Defendants Insure Idaho, LLC ("Insure Idaho") and Crouse & Associates Insurance Services of Northern California, Inc. ("Crouse"), Plaintiff's retail agent and wholesale broker, respectively. All of Plaintiff's claims concern whether or not Plaintiff should have been afforded coverage for costs allegedly incurred in connection with a product recall under a policy issued to Plaintiff by LSIC. The LSIC policy contains a provision requiring that all claims and disputes will be brought for adjudication only in the Supreme Court of the State of New York, New York County, or the U.S. District Court for the

Southern District of New York.  However, Plaintiff disregarded this obligation and filed its action in this forum instead.

This action should be transferred to the Southern District of New York in accordance with the unambiguous terms of the forum selection clause in the LSIC policy.  This provision applies to the claims against Insure Idaho and Crouse as well as LSIC, because Plaintiff's claims against them are closely related to the claims against LSIC, and depend upon the construction of the policy in connection with the underlying claim.  The United States Supreme Court has held that valid forum selection clauses in contracts control the selection of a litigation forum in all but the most exceptional of cases.  No such exceptional circumstances exist here.

Accordingly, the forum selection clause contained in the LSIC Policy controls and this Court should transfer this matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## STATEMENT OF FACTS

### The Parties

Plaintiff Green Technology Lighting Corporation ("Plaintiff") is a Georgia corporation that is principally located in Minnesota.  (Exhibit A, Complaint, ¶ 1).

Defendant Insure Idaho is, upon information and belief, an Idaho corporation principally located in Idaho. (Exhibit A, ¶ 4).

Defendant Crouse is, upon information and belief, a California corporation principally located in California. (Exhibit A, ¶ 5).

Insure Idaho and Crouse served as Plaintiff's retail agent and wholesale broker, respectively, in connection with the procurement of insurance on behalf of Plaintiff.  (Exhibit A, ¶¶ 15, 16).

LSIC[1] is a New Hampshire corporation with a principal place of business in the Commonwealth of Massachusetts.  (Exhibit B, Affidavit of Benjamin Chynsky, ¶ 3).

### LSIC Policy

---

[1]LIUI is not properly named in this case.  The insurance policy at issue in this case was issued by LSIC, not LIUI.  (Exhibit B, ¶ 6).  Plaintiff admits that the policy was issued by LSIC, not LIUI.  (Exhibit A, ¶ 15).  Thus, any obligation arising from the LSIC Policy is the responsibility of LSIC, not LIUI.

- 3 -

LSIC issued Product Recall Insurance Policy no. GCM3000215-0415 ("LSIC Policy") to Plaintiff, Green Technology Lighting Corporation for the period November 30, 2015 to November 30, 2016. (Exhibit A, ¶ 15; Exhibit B, ¶ 5; Exhibit C, LSIC Policy). The Policy Terms of the LSIC Policy, form GCM3001, include a valid forum selection clause which states:

> CHOICE OF LAW AND FORUM: The construction, validity and performance of this Policy will be governed by the laws of the United States and the State of New York without giving effect to provision regarding choice of law. *All claims and disputes will be brought for adjudication in either the Supreme Court of the State of New York in and for the County of New York or the U.S. District Court for the Southern District of New York.*

(Exhibit C, form GCM3001, p. 10) (emphasis added).

The LSIC Policy was a renewal of prior coverage. (Exhibit C, form GCM3002, p. 1). Crouse is expressly identified as the producer for both the LSIC Policy and the prior policy. (Exhibit C, form GCM3002, p. 2; Exhibit D, policy no. GCM3000215-0314). Furthermore, Plaintiff expressly acknowledges that both Insure Idaho and Crouse were acting as Plaintiff's agents with respect to the procurement of the LSIC Policy. (Exhibit A, ¶¶ 15-16, 38-39). The prior policy also contained form GCM3001 and the very same forum selection clause. (Exhibit D). LSIC sent multiple quotations to Crouse for the LSIC Policy explicitly disclosing that the LSIC Policy also would contain form GCM3001, the policy terms with the forum selection clause.

- 4 -

(Exhibit E, 11/25/15 Quotation, p. 2; Exhibit F, 12/2/15 Quotation, p. 2). Crouse, in turn, conveyed Plaintiff's agreement to the LSIC Policy terms "per your quote" – that is, inclusive of the form containing the forum selection clause. (Exhibit G, 12/18/15 E-mail).

LSIC offers two optional coverages for purchase as part of a Product Recall Insurance Policy: Coverage A, entitled "Product Recall Expense Coverage"; and Coverage B, entitled "Product Recall Liability Damages Coverage". (Exhibit A, ¶ 19). "Product Recall Expense Coverage" under Coverage A applies to: "1) costs to notify others of a covered incident; 2) costs to recover **your product(s)** back to you from any purchaser, distributor, or user including handling charges; 3) disposal or destruction costs; 4) temporary warehouse/storage costs; 5) costs of personnel other than Plaintiff's employees to assist with a covered incident; 6) costs for wages to employees for work devoted exclusively to a covered incident; and 7) costs incurred by employees and other personnel in connection with a covered incident." (Exhibit C, form GCM3001, pp. 1, 3-4) (emphasis in original). "Product Recall Liability Damages Coverage" provided by Coverage B applies to sums Plaintiff becomes "legally obligated to pay as **compensatory damages** and **your defense costs** resulting from the investigation,

- 5 -

negotiation, settlement or defense of a **claim** or **suit**." (Exhibit C, form GCM3001, pp. 1, 4) (emphasis in original). "Compensatory damages" is defined as "the payment amount limited to commercial economic loss, and does not include liquidated, punitive or penalty damages". (Exhibit C. form GCM3001, p.2). For both the LSIC Policy and the policy preceding it, LSIC furnished quotations to Crouse and ultimately bound coverage and issued policies to Plaintiff expressly stating that "Product Recall Expense Coverage" would be afforded but not "Product Recall Liability Damages Coverage". (Exhibit C, form GCM3002, p. 1; Exhibit D; Exhibit E).

**Underlying Claim**

Plaintiff is engaged in the primary manufacture and sale of energy efficient light bulbs. (Exhibit A, ¶ 9). In late 2015, one of Plaintiff's customers notified Plaintiff that certain light bulbs produced by Plaintiff for retail sale were defective. (Exhibit A, ¶ 30). After investigating, Plaintiff determined that the light bulbs in question posed a potential risk of property damage and/or injury to persons and in early 2016, Plaintiff recalled approximately 400,000 of the light bulbs. (Exhibit A, ¶ 31). In connection with the recall, Plaintiff claims that it has incurred $900,000 for compensatory

damages comprised of amounts for customer purchase price refunds. (Exhibit A, ¶ 35).

Following its receipt of notice of the claim and investigating the claim, LSIC denied coverage for compensatory damages consisting of amounts claimed against Plaintiff for purchase price refunds because, in accordance with the terms and conditions of the policy, compensatory damages are not covered by Coverage A.

Plaintiff's complaint sets forth various claims and disputes relating to the LSIC Policy. As to LSIC, Plaintiff asserts that even though it did not purchase "Product Recall Liability Damages Coverage", the coverage in the "Product Recall Expense Coverage" for "costs to recover **your product(s)** back to you from any purchaser, distributor, or user including handling charges" encompassed the cost of the customer purchase price refunds. (Exhibit A, ¶¶ 55, 60-61). As to Insured Idaho and Crouse, Plaintiff asserts that it conveyed to them a request to procure "Product Recall Liability Damages Coverage" and that they failed to procure the requested coverage. (Exhibit A, ¶¶ 23, 42, 52). Plaintiff asserts that it is entitled to judgment "jointly and severally" against LSIC, Insured Idaho, and Crouse for damages resulting from the costs Plaintiff allegedly

incurred for the customer purchase price refunds.  (Exhibit A, ¶¶ 46-49, 60-61, Prayer for Relief).

LSIC now moves to transfer this matter to the contractually agreed-upon forum, the United States District Court for the Southern District of New York, in accordance with 28 U.S.C. § 1404(a) and the forum selection clause in the LSIC Policy.

**LEGAL ARGUMENT**

## I.   THE COURT SHOULD ENFORCE THE FORUM SELECTION CLAUSE AND TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1404(A)

### A.   A Contractually Valid Forum Selection Clause In The Contract Between Plaintiff And LSIC Applies To Plaintiffs' Claims Against All Defendants

This Court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.   28 U.S.C. § 1404(a). The United States Supreme Court has held that 28 U.S.C. § 1404(a) is the procedural mechanism by which a federal court will enforce a valid forum selection clause in a contract and provide for litigation in the selected forum. Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 579 (2013).   A forum selection clause in a valid contract establishes the requisite consent to transfer for purposes of the transfer statute.   Id. at 579-80.

Importantly, a valid forum selection clause satisfies the requirement for transfer not just for the signatories to the contract, but for non-signatories whose conduct is "closely related to the contractual relationship" as well.   Manetti-Farrow, Inc. v. Gucci American, Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1998); Oregon-Idaho Utilities, Inc. v. Skitter Cable TV,

- 9 -

<u>Inc.</u>, 2017 U.S. Dist. LEXIS 128287 at *24 (D. Id. Aug. 10, 2017); <u>Magi XXI, Inc. v. Stado Della Cita Del Vaticano</u>, 714 F.3d 714, 722 (2nd Cir. 2013)[2].   Thus, in <u>Oregon-Idaho Utilities</u>, a forum selection clause in a contract between a cable company and one of its franchisees mandated transfer of related causes of action against, among others, a non-signatory franchisee and another non-signatory company alleged to have tortiously interfered with the contract. <u>Id.</u> at *4, 25.   Transfer of non-signatory claims is proper when "it should have been reasonably foreseeable to the non-signatory that situations might arise in which the non-signatory would become involved in the relevant contract dispute." <u>Id.</u> at 25 (quoting <u>Synthes, Inc. v. Emerge Medical, Inc.</u>, 887 F. Supp. 2d 598, 607 (E.D. Pa. 2012)); <u>see also,</u> <u>Flame-Spray Indus. Inc. v. GTV Automotive GmbH</u>, 2017 U.S. Dist. LEXIS 129164 at *9-11 (E.D.N.Y. Aug. 14, 2017) (enforcing under New York law forum selection clause against related non-signatory).

---

[2] Where, as here, the contract with the forum selection clause also contains a choice of law provision, questions of enforcement are resolved by federal law (U.S. Supreme Court, 9th Circuit, and this District), while questions of interpretation of the forum selection clause are resolved by the substantive law designated in the contract – in this case, New York. <u>Martinez v. Bloomberg LP</u>, 740 F.3d 211, 223-24 (2nd Cir. 2014). Thus, both New York law and federal law regarding the question of the scope of the forum selection clause are cited here since the applicable law and the outcome is the same regardless of which law is applied to the question.

In this case, Plaintiff and LSIC expressly agreed to adjudicate any claims and disputes regarding the construction, validity and performance of the LSIC Policy only in the Supreme Court of the State of New York, County of New York or in the United States District Court for the Southern District of New York. (Exhibit C, form GCM3001, p. 10). Plaintiff has not alleged any fraud on the part of LSIC that would void any terms of the contract, let alone any fraud relating to the inclusion of the forum selection clause in the LSIC Policy. See Oregon-Idaho Utilities, supra, 2017 U.S. Dist. LEXIS 128287 at *21. Indeed, Plaintiff is not looking to void its contract with LSIC; it is looking to enforce it. As such, it is bound by the forum selection clause contained therein.

The valid forum selection clause in the LSIC Policy applies to the claims that Plaintiff has asserted against Insure Idaho and Crouse as well. All of Plaintiff's claims in this action depend upon the construction and performance of the LSIC Policy. Plaintiff's allegation that it has been damaged by the failure of Insure Idaho and Crouse to procure "Product Recall Liability Damages Coverage" necessarily depends on a construction of the LSIC Policy whereby coverage is not afforded for the underlying claim because Plaintiff failed to purchase that coverage. Plaintiff alleges that it expressly relied upon the experience

- 11 -

and expertise of Insure Idaho and Crouse in procuring the LSIC Policy. (Exhibit A, ¶¶ 11-16). It was, therefore, entirely foreseeable for Insure Idaho and Crouse to anticipate that, when they agreed to procure coverage from LSIC as Plaintiff's agent, situations could arise where the LSIC Policy did not afford coverage for a claim and Plaintiff would assert that a policy affording coverage for the claim should have been procured. Thus, the alleged conduct of Insure Idaho and Crouse is "sufficiently closely related to the contractual relationship" that the forum selection clause in the policy that they procured should apply to them as well. Oregon-Idaho Utilities, supra, 2017 U.S. Dist. LEXIS 128287 at *25; Flame-Spray, supra, 2017 U.S. Dist. LEXIS 129164 at *10-11.

## II.   THIS CASE PRESENTS NO EXTRAORDINARY CIRCUMSTANCES THAT WOULD PREVENT TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)

Where, as in this case, the parties agree to a valid forum selection clause, a party that institutes a lawsuit in a venue other than the agreed-upon forum bears the burden of showing that "public-interest factors overwhelmingly disfavor a transfer." Atlantic Marine, supra, 134 S. Ct. at 583. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in

- 12 -

having the trial of a diversity case in a forum that is at home with the law." Id. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n. 6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). Thus, when a motion is brought to transfer litigation to a forum selected in a valid forum selection clause, a Plaintiff's choice of forum "merits no weight." Atlantic Marine, supra, 134 S. Ct. at 581-82. Furthermore, the court "should not consider arguments about the parties' private interests." Id. at 582. This is because, by agreeing to the forum selection clause, the parties have waived the right to choose a different forum, and have waived "the right to challenge the pre-selected forum as inconvenient or less convenient for themselves and their witnesses." Id. The Court "must deem the private interest factors to weigh entirely in favor of the pre-selected forum." Id. As a consequence, the Court need only consider the public interest factors and those factors alone "will rarely defeat a transfer motion." Id. Accordingly, only in "extraordinary circumstances unrelated to the convenience of the parties" should a transfer motion be denied (id. at 581), and a valid forum selection clause will be "given controlling weight in all but the most exceptional cases." Id. (citation omitted).

The public interest factors here in no way "overwhelmingly disfavor" transfer to the Southern District of New York, a venue identified in the forum selection clause. Court congestion does not weigh against transfer; in fact, the median time for disposition of civil cases in the Southern District of New York is somewhat less than the time in this district. See JUDICIAL BUSINESS 2016 TABLES, http://www.uscourts.gov/statistics-reports/judicial-business-2016-tables, at Table C-5.

More importantly, this case does not present a dispute that is local to Idaho. Rather, this case is a dispute initiated by a Georgia corporation that is principally located in Minnesota that used an Idaho-based retail agent to procure insurance through a California-based wholesale broker who ultimately procured the LSIC Policy from an insurer domiciled in New Hampshire and principally located in the Commonwealth of Massachusetts. (Exhibit A, ¶¶ 1, 4-5; Exhibit B, ¶ 3). Idaho Code §29-110 does not establish any Idaho public policy sufficient to overcome the forum selection clause. As observed by the court in Wada Farms, Inc. v. Jules & Associates, Inc., 2015 U.S. Dist. LEXIS 2752 (D. Id. 2015), if this statute did apply, "striking down the forum selection clause would be routine rather than *extraordinary*, standing Atlantic Marine on its head." Id. at *2 (emphasis in original); see also Oregon-

- 14 -

Idaho, supra, U.S. Dist. LEXIS 128287 at *19; Idaho Pacific at *27.  In the wake of Atlantic Marine, any weight that previously may have been accorded to §29-110 now has "diminished considerably or disappeared entirely."  Wada Farms, 2015 U.S. Dist. LEXIS 2752 at *3.

The choice of law public interest factor weighs in favor of transfer, because the LSIC Policy contains an express clause in which the parties agreed that any disputes regarding the policy or the obligations arising under it would be governed by New York law. (Exhibit C, form GCM3001, p. 10).

Therefore, no public interest factor precludes enforcement of the forum selection clause in the LSIC Policy.  Similarly, any argument that the forum selection clause was not the subject of specific bargaining would not provide the requisite extraordinary grounds for ignoring a valid forum selection clause or failing to order a transfer based on it.  Murphy v. Schneider National, Inc., 362 F.3d 1133, 1141 (9th Cir. 2004) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991)).  Any disparity in bargaining power or assertion that the policy terms were not negotiated is simply insufficient to overcome the presumption that the forum selection clause is valid and enforceable in this case.  Indeed, "even if Plaintiff did not have the opportunity to negotiate the forum selection

- 15 -

clause, 'unequal bargaining power and non-negotiation of a forum selection clause are not enough to negate the clause'". Balducci v. Condo, Ltd., 2017 U.S. Dist. LEXIS 154523 at *9 (N.D. Cal. Sept. 21, 2017)(quoting Pacific Health Advantage v. Cap Gemini Ernst & Young U.S., LLC, 2007 U.S. Dist. LEXIS 101238 at *2 (N.D. Cal. May 2, 2007)).

Accordingly, pursuant to 28 U.S.C. §1404(a) and the forum selection clause in the LSIC Policy, the Court should transfer this case in its entirety to the selected forum, the United States District Court for the Southern District of New York.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion of defendants, LSIC and LIUI, and transfer this matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and the forum selection clause contained in the LSIC Policy.

Respectfully submitted,

ANDERSON, JULIAN & HULL, LLP
Attorneys for Liberty Surplus Insurance Corporation and Liberty Insurance Underwriters Inc.

By: /s/
Robert A. Anderson
Mark D. Sebastian

HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
Attorneys for Liberty Surplus Insurance Corporation and Liberty Insurance Underwriters Inc.

By: /s/
John S. Favate
Arthur A. Povelones, Jr.
*Pro Hac Vice* Applications Being Filed

DATED:  November 20, 2017

- 17 -

## CERTIFICATE OF SERVICE

  X   Electronically filed with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Kenneth L. Pederson, Esq.          klpederson@pedersen-law.com
Jarom A. Whitehead, Esq.           jwhitehead@pedersen-law.com
Michael J. Hanby, II, Esq.         Michael@pedersen-law.com
Donald J. Farley, Esq.             djf@powerstolman.com
James S. Thomson, II, Esq.         jst@powerstolman.com


                            ***


  X   Not electronically filed with the U.S. District Court.  A true and correct copy of the foregoing document was delivered to the address below via U.S. Mail:

Crouse and Associates Insurance Services of Northern California, Inc.
650 California Street
Suite 1100
San Francisco, CA  94108


                         _____/s/_____
                         Robert A. Anderson
                         Mark D. Sebastian

                         _____/s/_____
                         John S. Favate
                         Arthur A. Povelones, Jr.


                         - 18 -