# EXHIBIT A

Kenneth L. Pedersen, ISB #1436
klpedersen@pedersen-law.com
Jarom A. Whitehead, ISB #6656
jwhitehead@pedersen-law.com
Michael J. Hanby, II, ISB #7997
michael@pedersen-law.com
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, LIBERTY INSURANCE UNDERWRITERS, INC., INSURE IDAHO, LLC, an Idaho Limited Liability Company, CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, and DOES I through X,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Green Technology Lighting Corp., by and through its counsel, and for cause of action against the above-named Defendants, complains and alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. At all times material hereto, Plaintiff Green Technology Lighting Corp. (hereinafter "GTLC") is and, at all times relevant to this action was, a Georgia corporation domiciled in Edina, Hennepin County, State of Minnesota.

2. At all times material hereto, Defendant Liberty Surplus Insurance Corporation (hereinafter referred to as "LSIC") has been and now is a company domiciled in Massachusetts, which was registered and did solicit and sell insurance in the States of Idaho and Minnesota.

3. At all times material hereto, Defendant Liberty Insurance Underwriters, Inc. (hereinafter referred to as "LIU") has been and now is a company domiciled in New York, which was registered and did solicit and sell insurance in the States of Idaho and Minnesota.

4. At all times material hereto, Defendant Insure Idaho, LLC (hereinafter referred to as "Insure Idaho") has been and now is a public entity or corporation, organized and existing under the laws of the State of Idaho, with its principal place of business in the City of Meridian, County of Ada, Idaho, and was licensed to sell insurance in the State of Idaho.

5. At all times material hereto, Defendant Crouse and Associates Insurance Services of Northern California, Inc. (hereinafter referred to as "Crouse"), has been and now is a public entity or corporation, organized and existing under the laws of the State of California, with its principal place of business in the City of San Francisco, and was licensed to sell insurance in the State of Idaho.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). This is a civil action and involves, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

7. By reason of the diversity of citizenship of the parties and the amount in controversy, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTUAL BACKGROUND

9. GTLC's primary business is to manufacture and sell energy-efficient light bulbs.

10. GTLC's managing director resided in Meridian, Idaho, at the time GTLC initially procured insurance coverage for, among other things, product recall liability.

11. Insure Idaho's primary business is to provide insurance brokerage and risk management consulting services to clients.

12. Crouse's primary business is to provide insurance brokerage and risk management consulting services to clients.

13. At all times hereinafter mentioned, Insure Idaho provided insurance brokerage and risk management consultant services to GTLC.

14. At all times hereinafter mentioned, Crouse provided insurance brokerage and risk management consultant services to GTLC.

15. At all times hereinafter mentioned, GTLC relied on Insure Idaho's experience and expertise in providing to GTLC insurance brokerage and risk management consultant services and in procuring Product Recall Policy No. GCM3000215-0415 with a policy period of November 30, 2015, to November 30, 20016 (the "Policy") from Liberty Surplus Insurance Company ("LSIC").

16. At all times hereinafter mentioned, GTLC relied on Crouse's experience and

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

expertise in providing to GTLC insurance brokerage and risk management consultant services and in procuring the Policy from LSIC.

17. Insure Idaho was licensed in Idaho to provide insurance brokerage and risk management services when it procured the Policy for GTLC.

18. Crouse was licensed in Idaho to provide insurance brokerage and risk management services when it procured the Policy for GTLC.

19. LSIC's Product Recall Insurance Policies contain two coverage agreements. Coverage Agreement A is called Product Recall Expense Coverage and Coverage Agreement B is called Product Recall Liability Coverage.

20. GTLC sought coverage for both product recall expenses and product recall liabilities when it retained Insure Idaho and Crouse to procure the Policy from LSIC and/or other insurers.

21. On or around October 19, 2015, LSIC sent an application for the Policy ("October Application") to Crouse. Crouse and/or Insure Idaho sent the October Application to GTLC. Unbeknownst to GTLC, the October Application was not the correct application for the type of coverages that GTLC sought.

22. On or around November 30, Crouse and Insure Idaho received the correct application but failed to forward it to GTLC.

23. On or around December 1, 2015, GTLC sent the completed October Application to Insure Idaho and Crouse and relied on Insure Idaho and Crouse to place coverage for both product recall expenses and product recall liabilities.

24. In late December 2015, LSIC sent an insurance binder to Crouse and/or Insure Idaho agreeing to provide GTLC with $3 million in Product Recall Expense Coverage but no

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

Product Recall Liability Coverage. Neither Crouse nor Insure Idaho forwarded a copy of the binder to GTLC.

25. At no time did Crouse or Insure Idaho discuss with GTLC the fact that LSIC had not issued Product Recall Liability Coverage to GTLC.

26. In late December, Crouse and/or Insure Idaho instructed LSIC to place the coverage per the insurance binder.

27. At no time did Crouse or Insure Idaho inform GTLC of the failure to procure Product Recall Liability Coverage for Green Tech from LSIC.

28. At no time did Crouse or Insure Idaho try to procure coverage on behalf of GTLC for product recall liabilities from any other insurance company.

29. GTLC received a copy of the Policy on or around February 16, 2016. Prior to February 16, 2016, GTLC did not know that Crouse and Insure Idaho had failed to procure coverage for product recall liabilities, including Crouse's and Insure Idaho's failure to procure Product Recall Liability Coverage from LSIC.

30. In late 2015, one of GTLC's customers, Menards, Inc. ("Menards"), notified GTLC that certain A21 LED light bulbs produced by GTLC specifically for retail sale by Menards were defective.

31. After conducting an investigation, Menards and GTLC determined that the bulbs posed a potential risk of property damage and/or injury to persons. In early 2016, GTLC recalled approximately 400,000 light bulbs.

32. GTLC incurred over $900,000 of costs and expenses in recalling the light bulbs ("Subject Losses"), the majority of which were costs incurred to recover the defective light bulbs from Menards.

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

33. GTLC instructed Insure Idaho to provide notice of a claim to LSIC under the Policy and to seek reimbursement for the Subject Losses. Insure Idaho provided notice of a claim to LSIC on or around February 8, 2015.

34. GTLC did not receive a copy of the Policy until after Insure Idaho gave notice of the claim.

35. LSIC denied coverage for GTLC's claim on the basis that the Subject Losses are not covered under the Policy's Product Recall Expense Coverage. In a letter dated August 8, 2016, LSIC further denied coverage on the basis that the Subject Losses are compensatory damages that would have been covered under the Product Recall Liability Coverage of the Policy, but that LSIC has no obligation to reimburse GTLC for the Subject Losses because GTLC "was offered and declined to purchase coverage for 'product recall liability damages[.]"

36. The Product Recall Expense language in the LSIC policy states as follows:

**L.   Product recall expense** means any of the following reasonable and necessary costs, provided such costs are incurred during the 12 month period commencing on the first day you became aware of the applicable **covered incident**:
   1. costs to notify others of such **covered incident**, including but not limited to print, radio, television and internet notifications;
   2. costs to recover **your product(s)** back to you from any purchaser, distributor, or user including handling charges;
   3. costs to dispose of or destroy **your product(s)**, less any salvage or scrap value recovery, but only to the extent such disposal or destruction exceeds your standard disposal or destruction methods and is necessary to avoid **bodily injury** or **property damage**;
   4. costs to rent additional temporary warehouse or storage space;
   5. costs to utilize personnel other than **your** employees to assist with such **covered incident**
   6. costs for wages including overtime if any paid to **your** non-exempt hourly regular employees for work devoted exclusively to such **covered incident**; and
   7. costs incurred by such personnel and/or **your** such employees, including without limitation transportation and accommodations costs, in connection with such **covered incident**.

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

## COUNT ONE - BROKER MALPRACTICE/NEGLIGENCE
## AGAINST INSURE IDAHO AND CROUSE

37. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

38. As a professionally licensed insurance agent, Insure Idaho owed GTLC a duty to exercise the degree of care, skill and diligence commonly and generally exercised in Idaho by insurance agents for the benefit of their clients.

39. As a professionally licensed insurance agent/broker, Crouse owed GTLC a duty to exercise the degree of care, skill and diligence commonly and generally exercised by insurance brokers for the benefit of their clients and those relying on their services.

40. Among the legal duties that Crouse and Insure Idaho owed GTLC was the duty to exercise care, skill and diligence to recommend and procure for GTLC the types of insurance policies and coverages sought by GTLC, or to properly inform GTLC of the inability to do so.

41. When GTLC instructed Crouse and Insure Idaho to procure coverage for product recall liability, such coverage was available for purchase from LSIC and available generally in the insurance marketplace.

42. After GTLC instructed Crouse and Insure Idaho to procure coverage for product recall liability, Crouse and Insure Idaho failed, among other things, to do the following:

   (a) Crouse and Insure Idaho failed to provide GTLC with the correct Policy application;

   (b) Crouse and Insure Idaho failed to provide GTLC with a copy of LSIC's binder in which Liberty declined to offer Product Recall Liability Coverage to GTLC;

   (c) Crouse and Insure Idaho placed the Policy pursuant to the terms of the binder and failed to procure Product Recall Liability Coverage for GTLC;

   (d) Crouse and Insure Idaho failed to inform GTLC that Product Recall

Liability Coverage had not been placed; and

  (e) Crouse and Insure Idaho made no attempt to procure coverage on behalf of GTLC for product recall liabilities with any other insurance carrier.

43. Insure Idaho failed to exercise the degree of care, skill and diligence commonly and generally exercised by insurance professionals, and thus Insure Idaho breached the legal duty owed to GTLC.

44. Crouse failed to exercise the degree of care, skill and diligence commonly and generally exercised by insurance professionals, and thus Crouse breached the legal duty owed to GTLC.

45. According to Defendants LSIC and LIU, GTLC does not have insurance coverage for the Subject Losses.

46. Insure Idaho's breach of duty to GTLC proximately caused GTLC financial injury, including, among other things, GTLC inability to obtain reimbursement for the Subject Losses.

47. Crouse's breach of duty to GTLC proximately caused GTLC financial injury, including, among other things, GTLC inability to obtain insurance coverage for the Subject Losses.

48. Based on the foregoing, Insure Idaho was negligent, and its negligence was the proximate cause of the economic injury that GTLC sustained.

49. Based on the foregoing, Crouse was negligent, and its negligence was the proximate cause of the economic injury that GTLC sustained.

**COUNT TWO - BROKER MALPRACTICE/BREACH OF CONTRACT AGAINST INSURE IDAHO**

50. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

51. GTLC entered into a valid and enforceable contract with Insure Idaho whereby

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

Insure Idaho agreed to procure on behalf of GTLC insurance coverage for, among other things, product recall liability.

52. Insure Idaho breached the contract by failing to procure the correct coverage on behalf of GTLC for product recall liability.

53. As a direct and proximate result of Insure Idaho's actions, GTLC has incurred damages (and will continue to incur damages) to the extent that GTLC does not have insurance coverage for the Subject Losses.

### COUNT THREE – BAD FAITH AGAINST LSIC AND LIU

54. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

55. GTLC in fact had coverage for expenses related to the "costs to recover … products back … from any purchaser [or distributor … ." LSIC and/or LIU intentionally and unreasonably failed to pay benefits owed to Plaintiff for recovering the defective products from Menards and others, and this failure to pay benefits was unjustified and amounts to bad faith.

56. Such conduct by LSIC and/or LIU was in bad faith and amounts to an extreme deviation from the standards of the industry.

57. Due to LSIC and/or LIU's bad faith in refusing to pay Plaintiff's claim, they have damages in an amount in excess of $1,000,000.00.

### COUNT FOUR – BREACH OF CONTRACT AGAINST LSIC AND LIU

58. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

59. Plaintiff performed all conditions required under their policy with LSIC and/or LIU.

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

60. Plaintiff was promised coverage for expenses related to the cost of recovering the defective products from purchasers and distributors.

61. Defendants failed to pay Plaintiff's claim which constitutes a breach of contract.

62. As a direct and proximate result of LSIC and/or LIU's breach, Plaintiff is entitled to an award of special and general damages in an amount to be proven at trial.

63. LSIC's and/or LIU's conduct was unjustified and outrageous, and their conduct in denying Plaintiff's claim amounts to an extreme deviation from reasonable standards of the insurance industry. LSIC and LIU are sophisticated insurance companies and knew or should have known that such a denial would cause a financial hardship on their insured.

### COUNT FIVE - AGENCY

64. Plaintiff realleges the allegations contained in each and every paragraph herein above.

65. At all times relevant hereto Defendants Insure Idaho and Crouse were acting as agents for Defendants LSIC and LIU in advising customers like Plaintiff about LSIC policies and the sufficiency thereof. Defendants Insure Idaho and Crouse are specifically authorized by LSIC to sell their insurance products to consumers of insurance and are compensated by them for doing so.

66. Defendants LSIC and LIU are jointly and severally liable for the negligent acts of Insure Idaho and Crouse including, but not limited to, failing to procure proper insurance coverage for Plaintiff, failing to use the appropriate forms related to such coverage, and failing to advise Plaintiff about the deficient nature of the coverage actually provided.

67. Plaintiff was reasonable and justified in relying on Defendants to ensure proper coverage was provided as promised as Defendants Insure Idaho and Crouse are professional and licensed insurance agents and Defendant LSIC is an insurance company who licensed their

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

agents Insure Idaho and Crouse to sell their policies. Plaintiff has suffered damages as a result of the Defendants' conduct.

68. As a result of the relationship between and among the Defendants in this action, Defendants are each jointly and severally liable for Plaintiff's damages.

## COUNT SIX - ESTOPPEL

69. Plaintiff realleges the allegations contained in each and every paragraph herein above.

70. Defendants jointly and severally promised adequate insurance coverage for Plaintiff – including coverage to protect and indemnify. In fact, Defendants did not provide adequate insurance coverage which has caused financial harm to Plaintiff.

71. Defendants knew or should have known that failing to provide the proper insurance coverage exposed Plaintiff to risks such as the A21 LED light bulb recall.

72. Plaintiff was reasonable and justified in relying on Defendants to ensure proper coverage was provided as promised as Defendants Insure Idaho and Crouse are professional and licensed insurance agent and Defendant LSIC is an insurance company who licensed their agents Insure Idaho and Crouse to sell their policies. Defendants should be estopped from denying coverage for the A21 LED light bulb recall.

## COUNT SIX – ATTORNEY FEES

73. Plaintiff realleges the allegations contained in each and every paragraph hereinabove.

74. It has been necessary for Plaintiff to hire the law firm of Pedersen and Whitehead to prosecute this action.

75. Plaintiffs are entitled to reasonable attorney fees pursuant to Idaho Code § 12-120, § 12-121 and Idaho Code § 41-1839 relating to attorney fees and suits against insurers.

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

## DAMAGES

76. As a proximate and/or producing result of the Defendants' conduct, Plaintiff has suffered substantial damages, including special damages, general damages, consequential damages and costs incident to prosecuting this action all in amount to be proven at trial.

77. Plaintiff respectfully requests that a jury determine the amount of losses it has incurred in the past and will incur in the future.

78. Considering each of these elements of damage, Plaintiff has suffered damages in excess of $1,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants:

1. Upon all counts against Defendants, jointly and severally, for special, general and consequential damages in an amount of excess of the jurisdictional limits of this Court;

2. For reasonable attorney fees;

3. For reasonable costs incurred herein, including, but not limited to, costs of suit;

4. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of at least 6 members on all issues in the above-entitled matter.

DATED this 16th day of October, 2017.

PEDERSEN and WHITEHEAD

By _____
Jarom A. Whitehead, ISB #6656
Attorney for Plaintiff

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 12