David W. Knotts, ISB No. 3627
Stacey L. Beaumont, ISB No. 10520
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5201
Email: dknotts@hawleytroxell.com
           sbeaumont@hawleytroxell.com

Attorneys for Defendant Crouse and Associates
Insurance Services of Northern California, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, LIBERTY INSURANCE UNDERWRITERS, INC., INSURE IDAHO, LLC, an Idaho Limited Liability Company, CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, and DOES I through X,<br><br>        Defendants. | Case No. 1:17-cv-00432-DCN<br><br>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOCKET 84] AND IN RESPONSE TO INSURE IDAHO'S RESPONSE [DOCKET 90] |

COME NOW Defendant Crouse and Associates Insurance Services of Northern

California, Inc. ("Crouse"), by and through counsel of record, respectfully submits this Reply in

further support of its Motion for Summary Judgment [Docket 84] and in Response to Insure Idaho, LLC's ("Insure Idaho") Response to Motion for Summary Judgment [Docket 90].

## I.   INTRODUCTION

Insure Idaho argues the same theories as Plaintiff Green Technology Lighting Corp. ("GTLC") in Plaintiff's Memorandum in Support of Objection to Defendant Crouse and Associates Insurance Services of Northern California, Inc.'s Motion for Summary Judgment ("GTLC's Objection") and joins in GTLC's Objection to Crouse's summary judgment, which was filed solely against GTLC. For brevity and judicial economy, Crouse incorporates all of its summary judgment arguments and its response to GTLC's Objection arguments into this reply.

Further, Crouse objects to Insure Idaho's joinder with GTLC's Objection and Insure Idaho's Response to Crouse's summary judgment on the basis that Insure Idaho is not the party in interest and does not meet the requisite standing to join or respond to Crouse's summary judgment action against GTLC.

Additionally, Crouse objects to each of Insure Idaho's unsupported facts and depiction of facts in its Statement of Material Facts that Crouse was liable for Insure Idaho's responsibilities and duties to GTLC. Further, to the extent Insure Idaho's statement of facts are merely legal arguments cloaked as facts, the legal arguments should be stricken from the record.

## II.   ARGUMENT

**A.   Insure Idaho Does Not Have Standing to Join GTLC's Objection or Respond to Crouse's Summary Judgment**

Before a party may participate in a legal action, the party must have the requisite standing in which to do so. The party must show that (1) it has "suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or

imminent, not 'conjectural' or 'hypothetical,' [(2)] there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant . . . , and [(3)] it must be likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992); *see also Tucker v. State*, 162 Idaho 11, 394 P.3d 54 (2017).

Insure Idaho does not meet the requisite standing requirement to oppose Crouse's summary judgment against a different party. Insure Idaho is not the party in interest, GTLC is the party in interest. In addition, Insure Idaho has raised no claims against Crouse. A jury does not require Crouse to be a party to this legal action in order to determine whether GTLC has proved any of its claims against Insure Idaho. It is inappropriate to keep a party in a legal action where there is no legal foundation for the party's continued presence in the case. A jury can certainly determine whether Insure Idaho breached its contract and/or was negligent in regard to GTLC, without the presence of Crouse, who has no liability in negligence to GTLC.

Further, a party cannot join a co-party's brief or motion without explaining to the court how the other party's arguments apply to the joining party. The First Circuit decision in *U.S. v. Ramirez-Rivera*, 800 F.3d 1 (1st Cir. 2015) makes clear that failure to do may result in waiver. *See also Miles v. Idaho Power Co.*, 778 P.2d 757 (1989). Insure Idaho has made no arguments that show it has standing to object or respond to a summary judgment that was not filed against Insure Idaho and where Insure Idaho is not the party in interest. In addition, Insure Idaho's arguments do not offer support to show that GLTC's arguments apply to Insure Idaho, thus

Insure Idaho does not have the requisite standing to object to, join, or otherwise respond to Crouse's summary judgment against GTLC.

**B.  Crouse is Not Liable for Negligence**

Should the Court find that Insure Idaho does have standing to object to, join, or otherwise respond to Crouse's summary judgment against GTLC, Crouse supplies the following reply. For brevity and judicial economy, Crouse incorporates its arguments from its summary judgment memorandum and its reply memorandum to GTLC's Objection into this section as though included in whole.

    1.    Crouse Did Not Owe a Duty nor Take on a Duty to GTLC

Insure Idaho argues that Crouse took on a duty to GTLC and relies on *Baccus v. AmeriPride Services, Inc.*, 145 Idaho 346, 179 P.3d 309 (2008) for its argument. However, *Baccus* is easily distinguishable from this instant case. The *Baccus* court based its decision on whether a plaintiff would be left "*without a remedy* simply because AmeriPride had duties under a contract to which plaintiff was not a party." *Id*. at 352, 179 P.3d at 315 (emphasis added). However, unlike *Baccus*, GTLC is not without a remedy. GTLC can seek and is currently seeking a remedy from the entity it did have a relationship and contract with, which is Insure Idaho.

Insure Idaho also relies upon *Cumis Ins. Soc'y, Inc. v. Massey*, 155 Idaho 942, 318 P.3d 932 (2014) and *Harrigfeld v. Hancock*, 140 Idaho 134, 90 P.3d 884 (2004). Unlike *Cumis*, Crouse did not certify its work and specifically instructed Insure Idaho to "review the enclosed and advise as to any discrepancies." *See* Docket 89, p. 8, ¶ 2; *see also* Docket 87-4, Dearing Decl., at Exh. D, 87-5, pp. 129-149, Ex. 25 of 2018 Depo of Kroschel. Insure Idaho has

provided no evidence that it notified Crouse of any discrepancies and, in fact, instructed Crouse to bind the policy on behalf of its client, GTLC.  *See* Docket 84-21, pp. 11-16; *see also* Docket 84-36, pp. 10-25, Docket 84-3, pp. 14-17, Docket 84-6, p. 5, Docket 84-7, p. 1, and DeArmond Depo. Exh. 70.  Further, Crouse promptly provided GTLC's late application it received from Insure Idaho to LSIC for consideration.  Insure Idaho has provided no evidence that Crouse "failed to adequately process [GTLC's] insurance application."  *See Defendant Insure Idaho, LLC's Response to Defendant Crouse and Associates Insurance Services of Northern California, Inc.'s Motion for Summary Judgment*, p. 5.  Unlike *Harrigfeld*, Crouse did not draft the policy it provided to Insure Idaho and specifically instructed Insure Idaho to "review the enclosed and advise as to any discrepancies."  *See* Docket 89, p. 8, ¶ 2; *see also* Docket 87-4, Dearing Decl., at Exh. D, 87-5, pp. 129-149, Ex. 25 of 2018 Depo of Kroschel.  Again, Insure Idaho has provided no evidence that it notified Crouse of any discrepancies.

Insure Idaho attempts to create a duty to GTLC, where none existed previously, and place it upon Crouse through Crouse's contact with LSIC regarding the quote for expiring coverage. Crouse simply requested a quote from LSIC, as it had done in the past, to provide to Insure Idaho, who can accept or reject the quote and coverage on behalf of its client.  However, Insure Idaho fails to acknowledge that Crouse provided the quote for expiring coverage to Insure Idaho *who accepted the coverage quote* on behalf of its client.

If Insure Idaho did not review the quote, binder, or policy, then Insure Idaho is negligent in its duty to its client, GTLC and cannot shift this burden to Crouse, who specifically instructed Insure Idaho to review the coverage and advise of any discrepancies.  Insure Idaho continually attempts to place its negligence upon Crouse.

Additionally, Insure Idaho claimed knowledge of recall insurance by the fact that it sold the coverage to its client. Insure Idaho has provided no evidence that it ever requested education on or further information regarding this type of coverage from Crouse or any other entity.

Since the contract and relationship was between GTLC and Insure Idaho, Crouse did not owe GTLC a duty.

2.   GTLC Did Not Have a Special Relationship with Crouse

Insure Idaho continues to attempt to place its duty owed to GTLC upon Crouse. Insure Idaho relies upon *McAlvain* in regard to a person or entity that sells insurance holding itself out as having specialized knowledge and experience, yet, implies to the Court that this only applies to Crouse and not to Insure Idaho, who is an insurance producer within the meaning of Idaho Code § 41-1003(8). Insure Idaho cannot get around the fact that GTLC was Insure Idaho's client, not Crouse's client, including that only Insure Idaho knew what constituted adequate insurance coverage for GTLC. Insure Idaho acted on behalf of its client when it instructed Crouse to bind the coverage that did not include the product recall liability.

3.   Crouse Did Not Breach a Duty to GTLC

As there was no special relationship between Crouse and GTLC, Crouse did not owe a duty to GTLC and, thus, did not breach what it did not owe. Insure Idaho continues to attempt to place its duty to GTLC upon Crouse. Insure Idaho failed to review the quote, binder, or policy and never notified Crouse of any discrepancies with the same. Crouse provided Insure Idaho with a cover letter to the binder and policy that specifically stated product recall liability *was not covered*. Crouse could not make it clearer to Insure Idaho that a coverage was not provided. Thus, Crouse did not breach a duty to GTLC.

### C. Economic Loss Rule Applies

For brevity and judicial economy, Crouse incorporates its arguments from its summary judgment memorandum and its reply memorandum to GTLC's Objection into this section as though included in whole.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion for Summary Judgment, Statement of Undisputed Facts, Memorandum in Support, and Declarations in support, Docket 84, Crouse respectfully asks the Court to grants its Motion for Summary Judgment ruling that: (1) Crouse did not owe a duty to Plaintiff, Green Technology Lighting Corp ("GTLC"); (2) GTLC does not have a special relationship with Crouse; (3) Crouse did not breach a duty to GTLC, as Crouse had no ability to control the actions or omissions of Insure Idaho nor the authority from GTLC to accept or reject a policy's term; (4) GTLC's purely economic losses are barred by the economic loss rule, so GTLC must seek its damages from Insure Idaho, the party it had a relationship and contract with; and (5) that Insure Idaho does not have standing to object to Crouse's summary judgment.

DATED THIS 9th day of August, 2022.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Stacey L. Beaumont, ISB No. 10520
Attorneys for Defendant Crouse and Associates
Insurance Services of Northern California, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2022, I electronically filed the foregoing REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOCKET 84] AND IN RESPONSE TO INSURE IDAHO'S RESPONSE [DOCKET 90] with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Kenneth L. Pedersen | klpedersen@pedersen-law.com |
| Jarom A. Whitehead | jwhitehead@pedersen-law.com |
| Michael J. Hanby, II | michael@pedersen-law.com |
| Donald J. Farley | djf@powersfarley.com |
| James S. Thomson, II | jst@powersfarley.com |

Stacey L. Beaumont