David W. Knotts, ISB No. 3627
Stacey Beaumont, ISB No. 10520
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5201
Email: dknotts@hawleytroxell.com
       sbeaumont@hawleytroxell.com

Attorneys for Defendant Crouse and Associates
Insurance Services of Northern California, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, LIBERTY INSURANCE UNDERWRITERS, INC., INSURE IDAHO, LLC, an Idaho Limited Liability Company, CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, and DOES I through X,<br><br>    Defendants. | Case No. 1:17-cv-00432-DCN<br><br>MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE |

COMES NOW Defendant Crouse and Associates Insurance Services of Northern California, Inc. ("Crouse"), by and through counsel of record, respectfully submits this Memorandum in Opposition to Plaintiff Green Technology Lighting Corp.'s ("GTLC") Motion to Strike Second Declaration of Pam Quilici [DKT. 97-1] and Crouse's Reply in Support of Summary Judgment [DKT. 97], Dockets 101-102 (hereafter, "GTLC's Motion to Strike"). For

the reasons discussed below, GTLC's Motion to Strike should be denied.

## I.  INTRODUCTION

GTLC improperly attempts to prevent this Court from considering all of the record evidence. GTLC's Motion to Strike runs afoul of this Court's well-recognized practice of disfavoring motions to strike on summary judgment practice. Moreover, Crouse's submitted arguments and materials all comply with both the letter and the spirit of this Court's and other federal courts' well-accepted summary judgment practice and procedures.

## II.  ARGUMENT

### A.  Crouse Responded to the New Argument Raised by GTLC.

GTLC contends that Ms. Quilici's declaration and the corresponding exhibit were means of introducing a new argument and evidence on behalf of Crouse. However, Crouse filed Ms. Quilici's declaration for the purposes of rebutting the new argument raised by GTLC in its opposition to Crouse's motion for summary judgment.

A moving party is afforded the opportunity to rebut arguments raised in opposition to its motion. A moving party may "rebut arguments first raised by Plaintiff in its opposition to Defendant's Motion for Summary Judgment." *E.E.O.C. v. Creative Networks, LLC*, 2008 WL 5272780 at *2 (D. Ariz. 2008). In its brief, GTLC raises a new argument when it attempts to shun Insure Idaho's authority to bind the policy on its behalf. *See* Docket 102 at pg. 12, ¶ 1. GTLC attempts to lead this Court to believe that Crouse had no basis in which to bind the policy based upon Insure Idaho's direction to do so. GTLC's new argument is a basis for creating a duty for Crouse to bypass Insure Idaho's authority to act as GTLC's agent and reach out directly to GTLC, in effect bypassing Insure Idaho altogether. Thus, Crouse is required to rebut this new argument.

In addition, GTLC alleges that this is new factual evidence, however, that is simply not the case. On December 7, 2018, GTLC took the deposition of Insure Idaho's principal, Alda

DeArmond, who testified to the agency agreement. *Declaration of Stacey L. Beaumont* ("Beaumont Decl."), Ex. 1 at pg. 150, ll: 22 pg 151, ll. 23. Further, GTLC requested Insure Idaho provide it a copy of the agency agreement. *Id*. If GTLC received a copy of this agreement, it failed to provide a copy to Crouse. Moreover, Crouse timely supplemented its initial F.R.C.P. Rule 26 disclosures with the agency agreement. *Beaumont Decl.*, Ex. 2. Consequently, GTLC cannot claim it has no knowledge of the agreement or the contents thereof, including Insure Idaho's authority to act as an agent for Insure Idaho clients.

Crouse simply responded to GTLC's new argument and GTLC was already aware of this evidence, thus, there is no prejudice to GTLC.

**B.    Any Prejudice is Self-Created by GTLC because of Its Extended Delay in Raising the Issue.**

GTLC attempts to lead this Court to believe that it would not have an opportunity to respond to the "new" evidence contained in Ms. Quilici's second declaration, but this is simply untrue. In its Memorandum in Support of Motion to Strike, GTLC alleges Crouse introduced new factual evidence for which GTLC would not have an opportunity to rebut those claims. *See* Docket 102, at pg. 2, ¶ 1. In support of this notion, GTLC specifically cites to *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), for the premise that a non-moving party may be prejudiced when a moving party submits new evidence without affording the non-moving party "an opportunity to respond." *Provenz*, 102 F.3d at 1483 (*citing Marshall v. Gates*, 44 F.3d 722 (9th Cir. 1995)); *see also Provenz*, 102 F.3d at 1483 (*quoting Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.")).

On August 9, 2022, Crouse filed its Reply in Support of Summary Judgment and Pam Quilici's second declaration including Exhibit A. GTLC waited more than **100 days** to address

this alleged prejudice. *See* Crouse's argument addressed in Section II.A at ¶ 4. There was sufficient time for GTLC to address a claim for prejudice. It had an abundance of time to address this alleged prejudice with ample time for the parties to address GTLC's concerns with this Court and keep the same hearing date. But GTLC made the choice to delay raising the alleged prejudice until fourteen (14) days prior to the summary judgment hearing, which would require the hearing be vacated in order to allow the parties to complete their briefs. The Court has does have options besides excluding relevant evidence. Thus, any prejudice was self-created by GTLC.

C.  **GTLC's Motion to Strike Should be Denied as it is Inconsistent with all the Sitting Judges in the United States District Court for the District of Idaho's Standing Procedures (and Many Other Federal Court's Similar Prohibitions) Against Motions to Strike on Summary Judgment.**

GTLC's Motions to Strike should also be denied for failing to follow the preferred summary judgment procedures recognized by *all* of the assigned judges in the United States District Court for the District of Idaho and by many other federal courts. District of Idaho Judges all have the verbatim same standing procedure posted on the Court's website:

> **Motions to Strike:** Motions to strike filed in response to a motion for summary judgment are disfavored. Fed. R. Civ. P. 56(c) permits a responding party to object to evidence (or cited material) that is not admissible. The objection functions like an objection at trial, and may be contained within the briefing or in a separate appendix. Counsel are discouraged from filing separate motions to strike, which prolongs the summary judgment briefing schedule.[1]

Other federal courts also routinely hold that motions to strike on summary judgment are disfavored or even prohibited outright. *See e.g. Taite v. Monroe County Pub. Lib.*, 1:19-CV-212-TFM-MU, 2020 WL 6342721, at *2 (S.D. Ala. Oct. 28, 2020) ("As a preliminary matter, motions to strike are generally disfavored as time wasters that distract the Court from the merits

---

[1] "Motion Practice", District Court Judges, https://www.id.uscourts.gov/district/judges/

of a party's claim."); *Coleman v. Boston Sci. Corp.*, 1:17-CV-439-TFM-C, 2020 WL 7090700, at *2 (S.D. Ala. Sept. 22, 2020) (discussing the 2010 amendment to Rule 56(c) and holding, "Pursuant to Rule 56 of the Federal Rules of Civil Procedure, motions to strike on summary judgment have not been appropriate since December 2010."); *Combs v. Exxon Mobil Corp.*, CV 18-00459-BAJ-RLB, 2020 WL 5121362, at *2-3 (M.D. La. Aug. 31, 2020), *aff'd,* 856 Fed. Appx. 501 (5th Cir. 2021) (unpublished) (quoting and discussing local rule prohibiting motions to strike statements of fact on summary judgment); *Boling v. Prospect Funding Holdings, LLC*, 114CV00081GNSHBB, 2017 WL 1193064, at *8 (W.D. Ky. Mar. 30, 2017), *aff'd*, 771 Fed. Appx. 562 (6th Cir. 2019) (unpublished) ("While courts generally have the inherent power to control their dockets and strike documents, this Court agrees with a sister court's apt characterization of such motions: '[m]otions to strike are generally viewed with disfavor and are often considered time wasters.'") (quoting *TracFone Wireless, Inc. v. Zip Wireless Products, Inc.,* 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010)); *Clack v. Torre,* 3:10CV1905 JBA, 2014 WL 1050792, at *5 (D. Conn. Mar. 17, 2014) (holding motions to strike are improper on summary judgment and opposing party should instead raise objections to proffered evidence by way of Rule 56(c)) (quoting *Cummings v. Bradley*, 3:11CV00751 AVC, 2013 WL 1149985, at *1 (D. Conn. Mar. 19, 2013)); *see also* Fed. R. Civ. P. 56's advisory committee's note to 2010 amendments on Rule 56(c)(2) ("There is no need to make a separate motion to strike.").

GTLC could have and should have raised any objections or arguments to Crouse's summary judgment arguments or materials within briefing or in a separate appendix identifying its objections pursuant to Rule 56(c)(2). Instead, GTLC filed procedurally improper a motion to strike that violates accepted local procedures and federal law. For that reason alone, GTLC's Motion to Strike should be denied.

### III.  CONCLUSION

For the above reasons, the Motion to Strike should be denied.

DATED THIS 6th day of December, 2022.

                          HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
    David W. Knotts, ISB No. 3627
    Stacey L. Beaumont, ISB No. 10520
    Attorneys for Defendant Crouse and Associates
    Insurance Services of Northern California, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2022, I electronically filed the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Kenneth L. Pedersen | klpedersen@pedersen-law.com |
| Jarom A. Whitehead | jwhitehead@pedersen-law.com |
| Michael J. Hanby, II | michael@pedersen-law.com |
| Donald J. Farley | djf@powersfarley.com |
| James S. Thomson, II | jst@powersfarley.com |

_____
Stacey L. Beaumont