UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INSURE IDAHO, LLC, an Idaho limited liability company; and CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, a California corporation,<br><br>    Defendants. | Case No. 1:17-cv-00432-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Crouse and Associates Insurance Services of Northern California's ("Crouse") Motion to Enforce Court Order on Award of Attorney's Fees or in the Alternative Motion for Contempt. Dkt. 129. The Court has reviewed the record and finds the parties have adequately presented the facts and legal arguments in their briefs. As oral argument would result in unnecessary delay, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Crouse's motion. The Court will again order Green Tech to pay the judgment against it but will not award contempt sanctions for Green Tech's failure to pay a money judgment.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On November 15, 2024, this Court entered final judgment against Plaintiff Green Tech and in favor of Crouse, awarding Crouse $121,022.50 in attorney's fees and costs. Dkt. 128. Green Tech has yet to pay any of that award. Dkt. 130, at 3–4. Crouse seeks an order enforcing this Court's prior judgment. Dkt. 129-1, at 7. In the alternative, Crouse seeks contempt sanctions against Green Tech, including its attorney's fees in seeking the enforcement motion plus a fine of $500 per day until Green Tech pays the attorney's fees awarded by the Court. *Id*.

## III. DISCUSSION

In opposing Crouse's Motion, Green Tech argues it is essentially an empty shell, with no assets and no ability to pay the judgment against it. Dkt. 130. To prove this, Green Tech offers an affidavit of COO Zakery Kroschel, who states the company is defunct and has not engaged in business since 2017. Dkt. 130-1, at 2-3. It also offers an email from its counsel to Crouse's counsel dated December 13, 2024, in which counsel states that Green Tech is not a "going concern" and that Green Tech was in the process of consulting with bankruptcy counsel. Dkt. 130-3. Yet Green Tech remains an active corporation in good standing with the Georgia Secretary of State, and there is no indication that it has filed for bankruptcy protection. Dkt. 134, at 3. The Court is unwilling to declare Green Tech incapable of complying with the judgment as a matter of law merely based on the affidavit of an officer and an email from counsel. The Court therefore GRANTS IN PART Crouse's motion for an order enforcing the judgment.

MEMORANDUM DECISION AND ORDER - 2

However, "[t]he proper means . . . to secure compliance with a money judgment is to seek a writ of execution, not to obtain a fine of contempt for the period of non-payment." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983); *see also Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997), *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). The Ninth Circuit has construed Fed. R. Civ. P. 69 as limiting how federal courts enforce money judgments. *Hilao v. Est. of Marcos*, 95 F.3d 848, 854–55 (9th Cir. 1996). To the extent Crouse's motion seeks to use contempt proceedings or impose further monetary sanctions to enforce its money judgment, the motion is DENIED.

## IV. ORDER

**IT IS HEREBY ORDERED THAT**

1. Defendant's Motion (Dkt. 129) is **GRANTED IN PART**. Plaintiff Green Tech is hereby **ORDERED** to pay the money judgment within 7 days of receipt of this Order. Thereafter Defendant Crouse may initiate collection proceedings or other remedial measures as it deems appropriate.

2. Defendant's Motion is **DENIED** in all other respect without prejudice to Defendant's right to seek a writ of execution, garnishment, attachment, or any other such relief as is proper under Fed. R. Civ. P. 69.

DATED: September 17, 2025

David C. Nye
Chief U.S. District Court Judge